

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,120

### EX PARTE ANTHONY TRENT BARBOUR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 21634 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of injury to a child and sentenced to twenty years' imprisonment on count one and ten years' imprisonment on count two. Applicant's appeal was dismissed for want of jurisdiction. *Barbour v. State*, No. 06-08-26-CR (Tex. App.–Texarkana, delivered May 7, 2008).

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Counsel filed an affidavit in support of Applicant's allegation.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 21634 from the Sixth Judicial District Court of Lamar County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claim is dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: March 25, 2009
Do Not Publish